We'll have our next in number 203832 United States v. Ayyad Thank you. May it please the court. My name is Peter Tamayo. I represent the appellant Nidal Ayyad. This is, in this case, we'll ask the court to apply its long-standing default rule that when a count of conviction is vacated, the defendant is entitled to resentencing de novo. In this case, one of the counts against Ms. Ayyad was vacated. However, rather than resentencing Ayyad de novo, the district judge, Judge Kaplan, held that the default rule does not apply in 20 cases in which the conviction was vacated under section 2255. His decision to limit the default rule to remands following direct appeals has no basis in law, no logical basis, and is frankly unjust. His holding violated Mr. Ayyad's right to be sentenced as he appeared before court on the day of sentencing. Mr. Tamayo, I understand your argument for application of the existing line of cases, Quinterio Riguez. The government puts emphasis on the statutory text of 2255, which is not explored in those cases. So could you respond to the textual argument that seems to provide for discretion for the district court in choosing among the remedies asserted in the textual language? Well, Your Honor, I'm sorry, Judge Nathan. I believe that the rule goes to whether or not he's entitled to a relief of having the count of conviction vacated, not what happens afterwards. We're focusing here on the process that occurs once we have the new set of counts on which he's to be sentenced. In that case, Your Honor, 2255 does not limit or provide any reason to limit the judge's discretion in terms of imposing sentence. The government isn't arguing it limits the judge's discretion. You are. I'm arguing that then it puts it into this court's default rule, which is where you've set forth over many years that when a judge reviews a sentence, he must determine two things. First, what are the counts before the judge, before the court at that time? And then what is the position of the defendant at that time? And that way he was back at the original point of sentencing, back at the, in this case, in 1993. So, Your Honor, I don't see this section, 2255, as in any way contravening this court's holdings in Regas and the other cases, Powers and the other cases that we've cited. I haven't moved to something else. Oh, no, I was just going to follow up. I mean, the text, I think maybe I'm just re-asking Judge Nathan's question, but the text of 2255B includes the phrase, as may appear appropriate, which seems to give the district court the discretion in deciding what level of resentencing to conduct. And that's different from- But I don't see how that would overcome this court's logic in the default rule that's set forth for resentencings. In other words, what seems appropriate must be based upon the facts that are before the judge at the time of sentencing. In this case, Judge Kaplan didn't look at any of the facts before the court at the time of resentencing. He simply applied a mechanical rule to say, okay, I'm taking out the conviction, the sentence on the one count where the conviction was vacated, and I'm just reapplying the old sentences. So how can that be appropriate? Appropriate has to be, and there are many cases here, at the time of sentencing, not what may have been appropriate previously. I suppose your textual and case law argument is that we have cases that tell us what's appropriate in the context of a vacated conviction. Thank you, Your Honor. That puts it much better than I did. Can I ask, what do you want to argue in a de novo resentencing? What arguments are available to your client? Well, what's available, Your Honor, is what has happened over the past almost 30 years that he's been incarcerated. The individual that stood before Judge Duffy back at the original sentencing was unrepentant and, in fact, defiant. The facts are that that has changed, that that is not the individual who will be before the judge at resentencing. There's 30 years of history under where he's been incarcerated in the Bureau of Prisons, where he's had substantial evidence of rehabilitation. All that's relevant. Now, on the other hand, I expect that the government's going to argue, as Judge Cochran suggested, hey, now, you know, we know what would have happened if they had been successful in 1993. We know from the bombing in 2001 the horrific effects that could have taken place. Judge Kaplan actually takes that into account in his decision, although he says he's not looking at any facts after the original sentencing. So both factors are going to come up. We're also going to look at, Your Honor, the fact that this is a man who has another 30 years to do on sentence. I'm using rough numbers, maybe 28. He right now is 55 years old. 28 plus 30, right? Well, let me do it this way, Your Honor. I have the arithmetic, this arithmetic in mind. Today he is 55. The Bureau of Prisons calculates his release date to be 2067, a few weeks short of his 100th birthday. So between today, in 2022, and 2067, we have a period of 45 years. The judge, in resentencing this man, can look at what period of time, and maybe the argument will be made is, look, Judge, if you feel he must do more time, let's give him something less than a full-life sentence. Let's give him a reason to have some hope and have him released at this bright young age of 72, which would be my age, and give him an opportunity to do that, to continue to do good works over that period of time. Now, I'm sure his counsel on resentencing me or someone else is going to argue, well, maybe he shouldn't do any more time. Maybe his rehabilitation is so complete that he doesn't need to do that. But there is that range of decisions that can be made, and that's what we're looking for, Your Honor, is the opportunity to go before a judge, we ask for a new judge, to make the arguments of let's look at him today. And we argue, Your Honor, that is consistent with the modern views of taking another look at resentencing. We have all the cases under 3582, the Compassionate Release Statute, in terms of what judges should look at and whether it is appropriate to take these multi-decade sentences and continue to apply them when their facts have changed. Here we have a procedural situation that brings this case back before the district court for resentencing. It should be a resentencing of the defendant as he stands before the court on the day of that resentencing. Thank you, Your Honor. May it please the court, my name is Ryan Finkel. I'm an assistant United States attorney here in the Southern District of New York. I represent the United States in this appeal, and I represented the United States in the most recent habeas proceeding in the district court. This court should affirm the amended judgment because Judge Kaplan was not required to conduct a de novo resentencing. And Judge Kaplan did not abuse his discretion when he made a reasonable determination that a full resentencing wasn't warranted here. At the outset, I would like to note for this court that there is another case pending before this court, United States v. Pena, which is number 20-4192, which presents a similar question. It hasn't been decided, which is whether de novo resentencing is required after one count of conviction is vacated following a 2255. The government argued in that case that full resentencing isn't required. The government is obviously arguing the same here. The government's argument, as this court noted during the appellant's argument, is rooted in the text of 2255, which makes plain that a district court may choose from a number of options, including full resentencing or simply correcting a sentence, as may appear appropriate. Mr. Finkel, can I just, I want to understand with a little more precision your textual argument. So the four options laid out to the district court, you're arguing that here Judge Kaplan exercised his choice under the fourth option? Yes, under the correct the sentence option. And what's the difference between correcting a sentence, which is the fourth option, and the second option, which is resentencing? The difference is the scope of what is happening here. A full resentencing requires the court to consider anew the 3553A factors. Probation would have to prepare. I understand. So you're saying that in the statutory text that says resentencing, that's referencing de novo resentencing. Yes. And the fourth is correcting the sentence here. So what Judge Kaplan did here is not a resentencing, obviously not a de novo resentencing. That's the question. But not a resentencing under the textual language of 2255. It is a correction of the sentence. Is that the argument? Yes, Your Honor. That's the government's position. And I think that is clear from sort of the effect of what happened here. There was a count of conviction, which was attacked. The government agreed that it was no longer a valid count of conviction, the 924C count. It was removed from the amended judgment. The impact of that 924C count, the 30-year consecutive term, was removed from the amended judgment. And the remaining counts of conviction in the sentences that were originally imposed were maintained. And, Your Honor, I'd like to point to both the Sixth and Eleventh Circuit who have considered this precise issue. In the Augustin and the Gibbs case. They don't have precedent like Kintieri and Regas, do they? So, Your Honor, they don't. But they approach this issue from where I believe this court should start, which is the statutory text of 28 U.S.C. 2255, 2255B. And they looked at that statutory text. And they determined that Congress, when creating the habeas corpus statute and allowing individuals who have been convicted of crimes to collaterally attack their sentences and their convictions, enumerated a number of options for a district court. And here, Judge Kaplan made a reasonable choice, in view of the facts before him, that of all cases, of all cases, the defendant who tried to, and successfully did, murder six people when he and his co-conspirators bombed the World Trade Center, and Judge Duffy determined he should be sentenced to what is one month short of life plus 30 years. I understand that argument. I think the only question in my mind is whether the existing Biden precedent allows for that choice. And, I mean, I'm not sure why it's not just a straightforward application of Kintieri that it doesn't. So, Your Honor, I would point to three things. First is, and I made this point already, Your Honor, but it's the statutory text, which I think changes things here because Kintieri and Powers and Regas are all in the direct appeal context. That's not right. Kintieri is a habeas case. Very well, Your Honor. Very well? Is that accurate? You're aware of that? So, Your Honor, what I recall is that that case was in the direct appeal context. I mean, looking at Kintieri 1223 describes the procedural posture. We affirmed Donato as the defendant in issue of Kintieri, the convictions, in an unpublished order. Donato brought a pro se motion to set aside his conviction pursuant to 2255. District court denied but granted the COA. We appointed counsel. We decided there was double counting. And it goes back to the district court. It's 2255. It's a 2255 case that sets out the binding precedent here. So, Your Honor, I don't think that that case considered what that court should have considered, which is the statutory text. And I point, Your Honor, toward Gordillis, which actually the appellant makes good use out of. Right, because it rejected the contention that the discretionary language in 2255 allowed for a distinction between direct appeal and collateral appeal. Well, Your Honor, I think that's right. I think the government reads that case to suggest that the Second Circuit said that district courts retain discretion whether or not to have a resentencing. And in that case, it was the government who wanted a resentencing. And I suspect that's going to be an issue that comes up before this court many times in light of Davis and its progeny, which have vacated a number of 924C convictions. And there were courts which made decisions in sentencing which took into account what the 924C consecutive mandatory sentence would be when crafting an entire sentence. And so the government may be on the other foot and asking this court to resentence. And what I think is appropriate is to permit, as the statutory text, I know I've harped on that, but it's important, permits the district court to do, which is to assess whether resentencing should be appropriate. And to the extent a district court abuses its discretion and doesn't consider what should be considered and make a reasonable choice, the government is not saying there should always be a rule either way. The point is that a petitioner or the government, for that matter, can come before this court and explain why resentencing should or should not have been granted. It's a perfectly fine and sensible argument. And I think the question, again, is just whether existing precedent, binding precedent, allows for that. You started out by saying Kintieri is not a habeas case when I noted it was. I couldn't tell if that was a surprise to you or the government was aware of it but made a misrepresentation to the court. Your Honor, I certainly intend no misrepresentation. If I'm mistaken about the procedural posture of that case, I apologize. Maybe I'm mistaken. So is it a direct appeal case or a habeas case? So, Your Honor, in my recollection, I view that as a direct appeal case. If I'm wrong, then I apologize. And I don't have at my fingertips what is clearly an important question, and I don't mean to minimize it. But what I do know for sure is none of those cases were cases that considered what I think this court must contend with, which is what Congress decided courts may do. And there's a good reason that Congress decided that courts should have a menu of options in a habeas context. And that's because as process and as litigation, criminal litigation included, proceed, what can and should be considered changes. After district courts either have a conviction through plea or trial, there's a full challenge before this court in direct appeal. The Supreme Court and this court has recognized that collateral attacks are something different. What is being considered is different. The finality of judgments is important for the United States, for the government. The judgment has been undone here. I mean, the finality point, as you just said, the finality of judgments is important. That's what 2255 goes to, of course. The judgment is vacated, and the question is what new judgment is in place. Are there cases that you can point to that make this distinction based on the text, despite the precedent that lays out a very clear default rule? So, Your Honor, what I would point to is, and I understand that Your Honor views it differently, is what the 6th and 11th Circuit did. And I'd also point to in our brief on pages 17 and 18 that following Davis litigation, a number of district courts have done exactly what the government asserts is appropriate, which is consider that there was a count that was vacated and determine whether or not there should be a resentencing. And, Your Honor, you're right. There was a count that was vacated. What the government would assert is that the counts that were not vacated, which were many, the most of the counts of conviction, are not disturbed. And the finality that attached to those counts of conviction should be afforded a certain amount of deference, particularly where is the case here. Congress has determined that courts can, if they wish, resentence. And I think the point that I would... You may correct the sentence. Correct the sentence or resentence. And I think that's the point I'd like to make, is that the government is not... The appellant is asserting that there should be a rule applied in every case. That's not what the government is arguing here. The government is arguing here what the statute outlines, which is courts may, if they choose, if they think it's appropriate, do a full resentencing. That is certainly something a court can do. Judge Kaplan was explicit that he could have done that. He merely said, in view of the information before me, particularly in view of the nature of the crime, the original intended sentence, the fact that the count of conviction was one of the 30-year terms, there's still another 30-year term, on top of the term that was life minus one month, that Judge Duffy reasonably imposed and was affirmed by this court. In light of view of all of that, there's no reason here for there to be an exercise of discretion, a full-blown resentencing, probation to create a new PSR, the government to appear, victims may have a right to speak at sentencing, the defendant would have to be transported to the court. Then there would be another appeal of the resentence, presumably, to this court, because we'd be sort of back to where it started. And this court and the Supreme Court has recognized finality should attach at a certain point. This is not to say that a petitioner has no recourse. Of course he does, or she does. The point is, is that here, in view of what Congress has outlined, Judge Kaplan was correct that he could have resentenced. He chose not to. And I see my time's expired. Just one more question. Is your office the office in Pena as well? Yes. Do you know if it's been argued there that Kintiere is a direct appeal case? So, Your Honor, I'm not sure. Not your case? It is not my case, Your Honor. Something to look into, though. I assure you, the second I get back to my office, I'll look into it. I believe, but I don't want to overstate, but I believe it was argued that it was. And if I'm wrong about that, I apologize. I apologize for not knowing that detail, Your Honor. Thank you. Thank you. Mr. Toman, you're reserved three minutes. I want to come back to what Mr. Finkel argued, which is about this, whether this was a resentencing or a correction. I would argue, Your Honor, that this is, that almost goes exactly to what the issues have been in this Court's line of cases. That when there's a sentencing error, and it's just a question of fixing an error, making a correction, there's no need, even under Kintiere, Palos, Regas, for a de novo resentencing. But where there is a vacation of account of conviction, and now we have a new constellation, to use the language in the opinions, new constellation of opinions, of convictions, that there, that is where you have a resentencing. And that's not a, so that's what happened here. There was a resentencing. The old sentence went away. For example, there was a correction in this case. This is actually another amended judgment. We allude to it. Because there was a small error in the second, or the third amended judgment, the second amended judgment regarding the restitution issue. We made it, we brought that to the Court's attention. I don't think Mr. Finkel opposed the correction. Judge Kaplan made that correction. That judgment is now before the Court. That was corrected. What we're talking about here was what Judge Kaplan did, which is he resentenced the defendant. At that point, Your Honor, what Kintiere and the other cases tell us is we're now back at the time where we have to look at how the defendant appears before the Court on the date of the resentencing, not on the date of the original sentencing. I think it's particularly true here because it's not even the same judge. You know, it was the late Judge Duffy who imposed the sentence back in the late 1990s. It wasn't Judge Kaplan. Judge Kaplan came into this case. His role in this case has been fairly limited, and that's why we, and he was not just fixing a small error in what he had done before. And the government repeatedly goes before the Court and asks for the Court to, District Court to allow and to do a full resentencing on these 924C cases. There are other cases before this Court. There's a fully briefed case before this Court in United States v. Kasiu, which is in our briefs, and in that case it's now fully briefed. The reply briefs have been filed. This particular issue is joined, and they are arguing, as I am arguing, that under the line of cases that we have before the, in this circuit, the defendant is entitled to a full resentencing. Your Honor, as I see my time has gone. You've been very patient. I appreciate your attendance. Thank you both. We'll take the case under advisement, and that concludes our rolls for today. So I will ask the courtroom deputy to adjourn.